# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2585 | **DATE** | May 18, 2012 |
| **CASE TITLE** | Eric Nichols (#R-25961) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $17.70 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at Stateville Correctional Center. However, Defendants Hardy and Morton are dismissed as Defendants. The Clerk shall issue summonses to Defendants Sievers, Jackson, and Robertson, and the U.S. Marshal is directed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#3] is denied.

■ **[For further details see text below.]**                                         **Docketing to mail notices.**

## STATEMENT

Plaintiff, Eric Nichols, presently in state custody at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on April 15, 2011, while in custody at Stateville Correctional Center, he was cuffed and moved to a new cell by Defendant Jackson. The cell he was placed in was occupied by Defendant Robertson, another inmate. Defendant Robertson attacked Plaintiff punching him more than ten times and stomping Plaintiff on the back of his neck. Defendant Sievers was called to the scene and sprayed Plaintiff with pepper-spray. Plaintiff alleges that Defendant Morton and the others lied to cover up the incident. Finally, Plaintiff alleges that Hardy approved Defendants' actions by assigning him time in segregation.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.70. The inmate trust fund officer at Menard Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Menard Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. With respect to Defendant Jackson, Plaintiff has alleged a valid claim for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*,

**(CONTINUED)**                                                                                                    AWL

| STATEMENT (continued) |
|---|

441 U.S. 520, 535 (1979). Plaintiff has also stated a cause of action against Defendant Sievers for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006).

Plaintiff has also stated a pendant state law battery claim against Defendant Robertson, and the court will exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear those claims. Plaintiff has failed to state a claim against either Defendants Morton and Hardy, however. Against Defendant Morton, Plaintiff alleges only that he lied to cover up the underlying incident. The Seventh Circuit has held that the allegation of a false investigation or report does not state a cause of action, so long as the plaintiff received procedural due process pursuant to *Wolff v. McDonnell*, 418 U.S. 539. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-1141 (7th Cir. 1984). Claims against Defendant Morton are therefore dismissed. Plaintiff suggests that Defendant Hardy is liable for having approved the report or conviction that led to Plaintiff's spending time in segregation. Again, however, so long as Plaintiff was afforded the protections described in *Wolff* (he has not alleged otherwise) he has stated no cause of action against Defendant Hardy. Hardy is, consequently, dismissed as a Defendant.

The Clerk shall issue summonses forthwith to Defendants Jackson, Robertson, and Sievers (hereinafter, "Defendants"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff has submitted a motion for appointment of counsel [#34]. The motion is denied. Plaintiff has absolute no right to counsel in a civil case, such as this, *see Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006), and at this stage his case does not present any complex discovery problems or need for an evidentiary hearing. The motion for appointment of counsel is therefore denied without prejudice to renewal if circumstances warrant the need for an attorney's assistance.